UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRELL WEST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:24 CV 1123 RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

On August 14, 2024, Petitioner Jerrell West filed a Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255 [1]. West seeks to invalidate his conviction in *United States v. West*, No. 4:20 CR 305-RWS,[1] based on alleged violations of his Fifth and Sixth Amendment rights. He also requests that I hold an evidentiary hearing on his motion. After careful consideration and for the reasons set forth below, I deny West's motion and decline to hold an evidentiary hearing.

## BACKGROUND

On June 24, 2020, a federal grand jury indicted West on one count of "knowingly travel[ing] in interstate commerce, from Forrest City, Arkansas to Saint Louis, Missouri, for the purpose of engaging in a sexual act with a person

---

[1] Citations to the record in West's criminal case will be made to "Crim. Dkt. #."

1

under 18 years of age," in violation of 18 U.S.C. § 2423(b).  (Crim. Dkt. #13 at 1). The description of the offense charged in the Indictment was "Travel with intent to engage in criminal sexual activity with a minor."  (Crim. Dkt. #13-1 at 1).

I held a *Frye* hearing on July 27, 2021, where West rejected the United States Attorney's plea offer and affirmed his desire to proceed to trial.  (Crim. Dkt. #49).  I scheduled a final pretrial conference for August 10, 2021. Before the final pretrial conference, the United States Attorney filed proposed jury instructions. The proposed jury instructions stated that Count One of the Indictment charged the defendant with the crime of "Travel with Intent to Engage in Illicit Sexual Conduct with a Minor."  (Crim. Dkt. #55 at 8).

On August 9, 2021, the United States Attorney filed a Motion to Amend Indictment by interlineation.  (Crim. Dkt. #64).  The motion proposed removing the "under 18 years of age" language in the original Indictment and changing it to read, "the defendant herein, did knowingly travel in interstate commerce, from Forrest City, Arkansas to Saint Louis, Missouri, for the purpose of engaging in any *illicit sexual conduct* with another person" (emphasis in original).  (*Id.* at 1). Without objection from West, I granted the Motion to Amend Indictment at the final pretrial conference held on August 10, 2021.  (Crim. Dkt. #68).

The Amended Indictment charged West with one count of "knowingly travel[ing] in interstate commerce, from Forrest City, Arkansas to Saint Louis,

2

Missouri, for the purpose of engaging in any illicit sexual conduct with another person," in violation of 18 U.S.C. § 2423(b).  (Crim. Dkt. #71).  The United States Attorney also amended its proposed jury instructions to reflect the Amended Indictment.  (Crim. Dkt. #65).  West did not object to the Amended Indictment or the amended jury instructions.  After a three-day trial, West was convicted by the jury on the sole count in the indictment.  On March 14, 2022, I sentenced West to 216 months' imprisonment.  (Crim. Dkt. #81 & #105).

West filed a timely appeal arguing that I abused my discretion in permitting the United States Attorney's forensic interviewer to testify "generally regarding minor victims' behavior after a traumatic event."  (Br. of Appellant, No. 22-154, 2022 WL 2183376, at ix).  The Eighth Circuit affirmed West's conviction. *United States v. West*, No. 22-1584, 2023 WL 3065392 (8th Cir. Apr. 25, 2023). The Supreme Court denied certiorari.  *West v. United States*, 144 S. Ct. 371 (2023). West then timely filed a Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. The United States Attorney opposes the motion.  (ECF #10).

In his motion, West raises three possible grounds for relief.  First, he argues that the Amended Indictment and amended jury instructions constructively amended the original indictment in violation of his Fifth Amendment rights.  (ECF #1 at 4).  In particular, he alleges that I allowed the language "under the age of 18" to be replaced with "illicit sexual conduct with another person" in the Amended

3

Indictment and jury instructions, thereby "modifying the essential terms of the charged offense." (*Id.*). Second, he claims that trial counsel was ineffective for failing to object to the Motion to Amend Indictment in violation of his Sixth Amendment rights. (*Id.* at 5). Third, he argues that trial counsel was ineffective for failing to object to the jury instructions, and he was therefore convicted of an offense that was different than the one charged by the grand jury. (*Id.* at 7).

## LEGAL STANDARD

To prevail under § 2255, the movant must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the movant must establish a constitutional or federal statutory violation that resulted in "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)). Section 2255 ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either

4

cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). However, claims of ineffective assistance of counsel are properly raised in a separate § 2255 motion. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006). The movant bears the burden of establishing that counsel was ineffective. *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003).

To prevail on an ineffective assistance of counsel claim, the movant must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). First, the movant must show that his counsel's performance was deficient. A movant can prove deficient representation by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. However, "[t]here is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The movant must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* "'Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases.'" *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011) (quoting *Theus v. United States*, 611 F.3d 441, 446 (8th Cir. 2010)).

Second, if a movant proves deficient performance, he must also demonstrate and that he was prejudiced by the deficient representation. *Strickland*, 466 U.S. at

5

687.  To establish prejudice, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 694. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  In the context of a trial, the movant can establish prejudice by showing that counsel's deficient performance was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

## DISCUSSION

### I. Constructive Amendment (Claim I)

#### a. Procedural Default

West first argues that the indictment was constructively amended in violation of his Fifth Amendment right to have a grand jury determine the charges against him.[2]  West's appeal did not raise any issues regarding either the Amended Indictment or the jury instructions.  As a result, West's constructive amendment claim is procedurally barred.  He failed to raise it on direct appeal and has not demonstrated either "cause" and "actual prejudice," or that he is "actually

---

[2] West does not assert that the evidence presented at trial constituted a variance. "[A] constructive amendment changes the charge, while the evidence remains the same; a variance changes the evidence, while the charge remains the same." *United States v. Renner*, 648 F.3d 680, 685-86 (8th Cir. 2011) (quoting *United States v. Adams*, 604 F.3d 596, 599 (8th Cir. 2010). A variance "implicates the defendant's Sixth Amendment right to notice of the nature of the charge and is subject to harmless error analysis." *Id.*

6

innocent." *Bousley*, 523 U.S. at 622. Collateral review of West's constructive amendment claim is therefore improper.

### b. The Amendment Indictment

Even if West's claim was not procedurally barred, it would fail on the merits. It is well established that "after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone v. United States*, 361 U.S. 212, 215-16 (1960). "A constructive amendment occurs when the essential elements of the offense as charged in the indictment are altered in such a manner—often through the evidence introduced at trial or the jury instruction—that the jury is allowed to convict the defendant of an offense different from or in addition to the offenses charged in the indictment." *United States v. Whirlwind Soldier*, 499 F.3d 862, 870 (8th Cir. 2007). Courts will consider "whether the jury instructions, taken as a whole, created a substantial likelihood that the defendant was convicted of an uncharged offense." *United States v. Buchanan*, 574 F.3d 554, 564 (8th Cir. 2009) (internal quotation marks omitted).

The Eighth Circuit has yet to determine whether a constructive amendment to an indictment constitutes a reversible error per se. *Compare United States v. Yeo*, 739 F.2d 385, 387 (8th Cir. 1984) ("A constructive amendment of an indictment is prejudicial *per se*."), *with United States v. Gill*, 513 F.3d 836, 849-50 (8th Cir.

7

2008) (observing that the per se prejudice rule was asserted only in dicta and was therefore "not determinative in any of the Eighth Circuit cases in which it was propounded"); *see also United States v. Shavers,* 955 F.3d 685, 694 n.3 (8th Cir. 2020) (declining to resolve the issue because the court did not find that there was a constructive amendment).

Here, West has failed to demonstrate that there was a substantial likelihood that he was convicted of an uncharged offense. Count One of the original indictment charged West with "knowingly travel[ing] in interstate commerce, from Forrest City, Arkansas to Saint Louis, Missouri, for the purpose of *engaging in a sexual act with a person under 18 years of age…*". (Crim. Dkt. #13). The Amended Indictment substituted the phrase "sexual act with a person under 18 years of age" with the phrase "*any illicit sexual conduct with another person.*" (Crim. Dkt. #64). This change tracked the exact statutory language of the charged offense. 18 U.S.C. § 2423(g) defines "illicit sexual conduct" as:

1) A sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime jurisdiction and territorial jurisdiction of the United States;
2) Any commercial sexual act (as defined in section 1591) with a person under 18 years of age; or
3) Production of child pornography (as defined in section 2256(8)).

The jury instructions and the United States Attorney's proof at trial did not vary from the original indictment. The United States Attorney did not offer evidence

8

that West engaged in any commercial sexual acts or the production of child pornography. Rather, the United States Attorney's arguments focused on West meeting and forming a relationship with the then thirteen-year-old victim through an online social media platform. (Crim. Dkt. #118 at 106). A few months later, West crossed state lines, picked up the victim, who had just turned fourteen, and engaged in sexual acts with the minor in his vehicle. (*Id.* at 55-56). During the trial, the United States Attorney described the sexual acts and demonstrated that they met the statutory definition of sexual acts under 18 U.S.C. § 2246. In closing, the United States Attorney argued:

> [H]e traveled across state lines with the motivating purpose to engage in the sexual act with [the victim]…I want to point out for you that on this instruction it says "the term 'sexual act' means," and then Judge Sippel read it for you…Absolutely, there was [sexual contact]. (Crim Dkt. #119 at 6, 7-8).

Regardless of the exact phrasing, the United States Attorney proved that West's conduct amounted to either prohibited sexual acts or illicit sexual conduct under § 2423(g). Thus, the Amended Indictment mirrored the language of § 2423(g) and increased the burden on the United States Attorney. In accordance with the Amended Indictment, the United States Attorney was required to show not just that the victim was under the age of eighteen years-old, but also between the narrow age gap of twelve and sixteen. (*Id.* at 8-9).

9

Moreover, both parties agreed to the final jury instructions before trial. The jury instructions did not reach beyond the allegations contained in the original indictment. Specifically, Jury Instruction No. 13 lists the three elements for a conviction under § 2423(g) and states:

> For the purposes of this offense, 'engaging in illicit sexual conduct' means knowingly engaging in a 'sexual act' with a person who has attained the age of 12 years but has not attained the age of 16 years, and is at least four years younger than the defendant. (Crim. Dkt. #76 at 13-14).

Jury Instruction No. 13 clearly explains that "illicit sexual conduct" and "sexual acts" can be used interchangeably. Therefore, I find that the jury instructions, "taken as a whole, did not create a substantial likelihood that [West] was convicted of an uncharged offense." *Buchanan*, 574 F.3d at 564; *see also United States v. Emly*, 747 F.3d 974, 982 (8th Cir. 2014) ("Instruction No. 9 did not constructively amend the indictment, because it fairly captured the production element of the crime…implicit in finding that the images Emly received contained actual minors is the finding that the images were produced using minors.").

Even if the original indictment was constructively amended, West was not prejudiced by the change. *See United States v. Begnaud,* 783 F.2d 144, 148 (8th Cir. 1986) ("A variance between the indictment and proof at trial requires a reversal of a conviction only if the variance actually prejudiced the defendant."). In determining whether a defendant was prejudiced by a constructive amendment,

10

"[t]he primary consideration…is whether the indictment fully and fairly apprised the defendant of the charges he or she must meet at trial." *Id.*  The original indictment put West on notice that the United States Attorney would offer proof at trial that West traveled across state lines and engaged in prohibited sexual acts with the fourteen-year-old victim.  West was fully and fairly apprised of the prohibited conduct as it was described in the original indictment and then again in the Amended Indictment.

### c. Conclusion

Although West's constructive amendment claim is procedurally barred, it would not have succeeded on the merits. Neither the final jury instructions, the United States Attorney's proof at trial, nor the language of the Amended Indictment itself permitted the jury to "wander beyond the allegations contained in the [original] indictment." *United States v. Redzic*, 627 F.3d 683, 690.  Because I find that there was no constructive amendment, I do not reach the question of whether a constructive amendment amounts to a reversible error per se.

## II.    Ineffective Assistance of Counsel (Claims II & III)

West's next two claims are based on ineffective assistance of counsel.  He asserts that defense counsel was ineffective for failing to object to the Amended Indictment and proposed jury instructions, which he argues "fell below an objective standard of reasonableness that also prejudiced [him]" under the

*Strickland* standard. (ECF #13 at 2). He also claims that his counsel "invited the error when she proposed the jury instruction that coincided with the [government's]," even though the Fifth Amendment "barred the type of instructions proposed by both counsel and the government." *Id.*

However, the Eighth Circuit Court of Appeals has established that when the underlying claim lacks merit, counsel was not ineffective for failing to pursue the claim. *See Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) (holding an ineffective assistance of counsel claim failed "because we have just rejected as meritless the claim [defendant] asserts counsel should have pursued."); *see also Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (holding "counsel's failure to advance a meritless argument cannot constitute ineffective assistance"). West's claims that the Amended Indictment and the United States Attorney's proposed jury instructions constructively amended the original indictment are without merit. His counsel's failure to object and raise meritless arguments does not amount to ineffective assistance of counsel.

Further, West's counsel filed an Affidavit explaining that the amendment to the indictment "supported West's defense and the Defense's proposed instruction." (ECF #10-3). At trial, West's counsel suggested that the minor may have claimed to be at least 16 years old, and that West may not have known if the minor was in the age range of 12 to 16. (Crim. Dkt. #119 at 12-13). The Amended Indictment

12

and the United States Attorney's proposed jury instructions tracked the language of § 2423(b), and the jury was free to determine whether "the defendant knew that [the minor] was at least 12 years old but had not attained the age of 16 years old" in accordance with the statute. (Crim. Dkt. #76 at 13). Because the proposed instructions supported West's defense about the minor's age, and because West's counsel determined that the change "increased the Government's burden," counsel's decision not to object to the instructions was a matter of trial strategy. (ECF #10-3); *see Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006) ("Ordinarily, we consider strategic decisions to be virtually unchallengeable").

For these reasons, West's ineffective assistance of counsel claims must fail. He has failed to demonstrate that defense counsel's performance was deficient and that he was prejudiced by counsel's deficient performance under *Strickland*.

## III.   Evidentiary Hearing

West additionally requests that I hold an evidentiary hearing to decide whether to grant him relief. "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir.1994)). "However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's

13

claims are either barred from review or without merit." *Id*; *see also Allen v. United States*, 854 F.3d 428, 433 (8th Cir. 2017) ("A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.") (citation omitted).

Even if West's allegations were accepted as true, he has not sufficiently shown that he is entitled to the requested relief. Since West's constructive amendment claim is procedurally barred and his ineffective assistance of counsel claims fail on the merits, I deny his request to conduct an evidentiary hearing.

Accordingly,

**IT IS HEREBY ORDERED** that Jerrell West's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255 [1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not hold an evidentiary hearing on the motion [1].

A separate Judgment in accordance with this Memorandum and Order will be entered on this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2025.